FILED
2007 OCT -4 AM 11:37
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | | |
|---|---|---|
| VICKI L. CORLEY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 1:07CV3027 |
| DAVOL INC. and C. R. BARD, INC., | ) | Judge: JUDGE NUGENT |
| Defendants. | ) | MAG. JUDGE VECCHIARELLI |

**DEFENDANT C.R. BARD, INC.'S AND DEFENDANT DAVOL INC.'S**
**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Davol Inc. ("Davol") and C.R. Bard, Inc. ("Bard"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby remove the above-captioned action from the Court of Common Pleas in and for Cuyahoga County, Ohio, to this Court. In support of removal, Defendants state as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiff commenced an action styled Vicki L. Corley v. Davol, Inc. & C.R. Bard, Inc., Case No. CV-07636201 (the "Complaint") in the Common Pleas Court in and for Cuyahoga County, Ohio, on or about September 21, 2007. Bard was served on October 1, 2007. Davol has not yet been served but expressly joins in this Notice of Removal. No proceedings have occurred subsequent to the filing of the Complaint.

2. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Davol and Bard (including Plaintiff's Complaint) is attached hereto as Exhibit A.

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Court of Common Pleas in and for Cuyahoga County, Ohio, where Plaintiff's Complaint is pending. *See* 28 U.S.C. § 115(a)(1).

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Defendants, through service, of Plaintiff's Complaint, which sets forth the bases for removal.

5. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the clerk of the Court of Common Pleas in and for Cuyahoga County, Ohio, where Plaintiff's Complaint is pending. In addition, copies of this Notice of Removal and the written notice of same provided to the state court are also being served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

6. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Bard and Davol. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Amount-In-Controversy Requirement Is Satisfied.

7. Although Defendants deny Plaintiff's claims, and although Plaintiff seeks an unspecified amount damages "in excess of $25,000" (Compl. "Prayer"), Defendants believe in good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met. Plaintiff's claims sound in product liability and seek recovery for personal injuries allegedly caused by a defective medical device, the Composix®

Kugel® hernia repair patch, that was manufactured and sold by Davol and used in conjunction with Plaintiff's hernia repair. (*See* Compl. ¶¶ 6-7.) Plaintiff alleges that due to its allegedly defective design the Composix® Kugel® hernia patch failed, causing Plaintiff "constant pain, suffering, additional medical and surgical treatment, and expense." (*Id.* ¶ 21.) Plaintiff also alleges that she "lost time from work, underwent nursing care, [and] endured mental and physical pain and suffering as a direct result of the failed [Composix®] Kugel® Patch." (*Id.*; *see also id.* ¶ 36 (alleging that Plaintiff endured "conscious pain and suffering, mental pain and suffering, personal injury and harm"); *id.* ¶ 37 (alleging that Plaintiff "has suffered severe personal injuries, physical pain and suffering, mental and emotional distress, incurred medical and hospital expenses, and other damages, believed to be permanent in nature.").) Plaintiff seeks recovery for "compensatory damages, in addition to punitive damages as applicable to each count of [her] Complaint," and attorneys' fees. (*See* Compl. 17.)

8. The amount-in-controversy requirement is easily met here because the types of injuries alleged in Plaintiff's Complaint, in combination with Plaintiff's compensatory and punitive damages allegations, make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also* *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 221 (D.N.H. 2004) (denying remand where, "[o]bjectively viewed, [the plaintiff's] claims for her [injuries] and the loss of consortium and emotional distress . . . could be valued at $75,000 or more"). In fact, other plaintiffs have brought similar product liability actions against Davol and Bard in federal court, and thus expressly pled an amount-in-controversy in excess of $75,000. *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 295-96 (S.D.N.Y. 2001) (looking to other suits involving the same product to resolve amount-in-controversy inquiry); *and see, e.g.*, *Cavazos v. C.R. Bard, Inc. and*

*Davol Inc.*, No. 07-CV-1394 (S.D. Tex. filed Apr. 24, 2007) (Ex. B): *Montgomery v. Davol Inc. and C.R. Bard, Inc.*. No. 3:07-CV-176 (N.D. Fla. filed Apr. 20, 2007) (Ex. C). Furthermore, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here. "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d at 296.

**B. The Parties Joined In This Action Are Completely Diverse.**

9. On information and belief, Plaintiff is a resident and citizen of Bedford Heights. Cuyahoga County. Ohio. (*See* Compl. ¶ 1).

10. Bard is, and has been at all relevant times, a corporation organized under the law New Jersey with its principal place of business in New Jersey. Accordingly. Bard is a citizen of New Jersey. *See* 28 U.S.C § 1332(c)(1).

11. Davol is, and has been at all relevant times. a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

WHEREFORE, Defendant Davol Inc. and Defendant C.R. Bard, Inc. respectfully remove this action from the Court of Common Pleas in and for Cuyahoga County, Ohio, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal. Defendants respectfully request an opportunity to provide briefing and oral argument.

Respectfully submitted,

Dated: October 4, 2007

/s/ Jeffrey S. Moeller
Jeffrey S. Moeller (0074512)
Hermann, Cahn & Schneider, LLP
1301 East Ninth Street, Suite 500
Cleveland, OH 44114
Tel: 216-781-5515
Fax: 216-781-1030
jmoeller@hcsattys.com

ATTORNEYS FOR DEFENDANT
C.R. BARD, INC. AND DEFENDANT
DAVOL INC.

Of Counsel:
Kirby T. Griffis
Michael L. Junk
Spriggs & Hollingsworth
1350 I Street NW
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639
kgriffis@spriggs.com
mjunk@spriggs.com

DECLARATION

Jeffrey S. Moeller, under penalty of perjury, hereby declares he has read the foregoing Petition and that all factual representations therein are true and accurate to the best of declarant's knowledge and belief.

Executed at Cleveland, Ohio this 4 day of October, 2007.

Jeffrey S. Moeller

## CERTIFICATE OF SERVICE

I hereby certify that, on this 4th day of October. 2007, a true and correct copy of the foregoing Notice of Removal was served upon the following counsel of record in the manner indicated below:

Thomas D. Robenalt
Colin P. Sammon
Tower City Center
Skylight Office Tower
1660 West Second Street. Suite 950
Cleveland. OH 44113-1498

BY: /s/ Jeffrey S. Moeller
Jeffrey S. Moeller